IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

TOMMY J. MILLER
SHIRLEY J. MILLER
PATRICIA A. THOMAS
MARY K. HARGROW

    Plaintiffs

vs.

CASE NO: CV-11-CO-4098-S

HON:

**DEMAND FOR JURY TRIAL**

JESSE J. DENNIS
ROBERT J. DENNIS
TWH TIMBER COMPANY, INC.
THE WESTERVELT COMPANY, INC.
GEORGIA-PACIFIC LLC.

    Defendants,

---

Attorney for Plaintiffs
Pro Se
Tommy J. Miller
Shirley, J. Miller
Patricia A. Thomas
Mary K. Hargrow
418 Torrington Drive West
Canton, Michigan 48188
734-844-3199
hargrow@provide.net

---

## VERIFIED COMPLAINT

**THEFT**
**DESTRUCTION OF PROPERTY**
**CONSPIRACY**
**AIDING AND ABETTING**
**TRESPASSING**
**RECEIVING STOLEN PROPERTY**
**RICO**
**UNJUST ENRICHMENT**

1

Now come the Plaintiffs, Patricia A. Thomas, Tommy J. Miller, Shirley J. Miller and Mary K. Hargrow acting as there own attorney respectfully who files this complaint for equitable relief against the Defendants who are; Robert Dennis, Jessie Dennis, TWH Timber Company, Inc., The Westervelt Company, Inc. and Georgia –Pacific LLC states as follows:

## **BACKGROUND OF THE CASE**

The Plaintiffs are the grandchildren of Ras Miller. On August 23, 1985 Ras Miller being of sound mind, created and filed a Last Will and Testament with the Sumter County Probate Office. In his Last Will and Testament he left his entire estate of approximately twenty-seven (27) acres of land to all 14 grandchildren.

He nominated and appointed Mildred Johnson as the Executrix over his Last Will and Testament, which exempted her from filing any inventory of his estate, from giving any bond, and from making any accounting to any court in the performance of her duties.

On June 7, 1986 our grandfather, Ras Miller died of natural causes. The Last Will and Testament was still in tact with the Executrix as Mildred Johnson. The State of Alabama Probate laws requires granting letters testamentary to be sent to all heirs for signatures and acknowledgment of the estate. They were signed and returned by all heirs and filed with the Sumter County Probate Office in Sumter County Alabama and to this date no ownership changes have been made.

Ras Miller has one (1) child and his name was Booker T. Miller, Sr. who preceded him in death in November 1974. Booker T. Miller, Sr. was married to Mattie Mae Miller who succeeded him in death in March 1975. Booker and Mattie Miller had thirteen (13) children and two preceded them in death.

During the marriage, it was alleged that Booker had an affair and he father children outside the marriage. Two of those alleged children are Robert Dennis and Jessie Dennis, who are named as co-defendants in this complaint. Without the knowledge or consent of Plaintiffs, Jessie Dennis and Robert Dennis began selling the timber, firewood and hardwood off the property owned jointly by Plaintiffs and other owners. Jessie Dennis and Robert Dennis have been selling the timber, hardwood, firewood and other wood from the property since 1986 until recently. Jessie Dennis and Robert Dennis have admitted to selling the wood off the property to TWH Timber Company, Westervelt and Georgia-Pacific and kept all the proceeds for themselves. Jesse Dennis and Robert Dennis have engaged in fraud, theft, trespassing, and a criminal conspiracy to steal and sell all the wood off the property without the knowledge and consent of the Plaintiffs. Robert Dennis and Jessie Dennis also intended to then claim adverse possession to obtain ownership of the property for personal use for themselves. TWH Timber Company, Westervelt and Georgia-Pacific have aided and abetted them in this conspiracy by accepting stolen property and not doing a reasonable inquiry to make sure that the property they were accepting was not stolen. TWH Timber Company entered the property cut and hauled the timber and hardwood from the property.

## **Jurisdiction and Venue**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 Plaintiffs are individuals owning approximately twenty- seven (27) acres in the county of Sumter, State of Alabama.  This action involves real property located in Morning Star situated in the Township of Cuba, County of Sumter, and State of Alabama, more fully described as follows:

    A parcel of land lying and being situated in fractional Lot "A" Section 33, Township 18 North, Range 4 West, Sumter County, Alabama, being more Particularly described as follows, to-wit:

    Commencing at a ½' iron pin set being the Northeast corner of Section 33, Township 18 North, Range 4 West, Sumter County, Alabama: thence run west Along the North line of said Section for a distance of 210.00 feet to a ½" iron pin Set on said North line being the POINT OF BEGINNING of the herein described Parcel of land; thence run South 0° 09' 52" East for a distance of 210.00 feet to a 1/2 " iron pin set; thence run East for a distance of 90.00 feet to a ½" iron pin set; thence run South 0° 09' 52" East for a distance of 515.70 feet to a ½" iron pin set; thence run East for a distance of 120.00 feet to a ½" iron pin set on the East line of said Section 33; thence run South 0° 09' 52" East along said East Line for a distance of 210.00 feet to a ½" iron pin set on said East line: thence run West for a distance of 210.00 feet to a ½" iron pin set; thence run North 0° 09' 52" West for a distance of 54.09 feet to a ½" iron pin set: thence run West for a distance of 986.08 feet to a ½" iron pin set; thence run North for a distance of 130.35 feet to a ½" iron pin set: thence run East for a distance of 105.00 feet to a ½" iron pin set: thence run North for a distance of 420.00 feet to a ½" iron pin set; thence run West for a distance of 215.21 feet to a ½" iron pin set on the Eastern right-of way Line of Alabama Highway No. 27; thence run North 3° 18' 20" West along said Right-of-way line for a distance of 239.56 feet to a ½" iron pin set at the point of Intersection of said right-of-way line with the West line of Fractional Lot "A" of Said Section 33; thence run North 0° 09' 52" West along said West line for a Distance of 92.09 feet to a ½" iron pin set being the Northwest corner of Fractional Lot "A" of said Section 33: thence run East along the North line of said Section 33 for a distance of 1110.00 feet to the POINT OF BEGINNING; the herein described parcel of land contains 21.95 acres, more or less.

4

2. The Plaintiffs are hereby known as Patricia A. Thomas, Tommy J. Miller, Shirley J. Miller and Mary K. Hargrow

3. The Defendants are hereby known as Robert J. Dennis, Jessie J. Dennis, who are individuals located at address is 97 McVay Road, Cuba, Alabama 36907, TWH Timber Company, Inc. is a domestic corporation incorporated under the laws of Alabama, has a main office located at 5988 County Road 32 Lisman, Alabama 36912,The Westervelt Company, Inc. dba Gulf States Paper Corporation and GSPC Holdings, Inc. is a foreign corporation, Incorporated under the laws of Delaware, has a main office located at1400 Jack Warner PKWY NE., Tuscaloosa, Alabama 35404 and Georgia-Pacific LLC is a foreign corporation, Incorporated under the laws of Delaware, has a main office located At 133 Peachtree Street, N.E., Atlanta, Georgia.30303, are all herein believed authorized to transact business in the State of Alabama.

4. This action arises from a certain real estate property where as the timber, hardwood, firewood and other wood was cut and sold off the property without knowledge or consent of all owners and the proceeds from those sales were pocketed by Defendants, only.

5. Jurisdiction exists with this Court based on equitable relief sought in the amount in controversy exceeds $75,000 pursuant to 28 U.S.C. 1331 and title18 U.S.C. 1962 and 1964 Section 2314, 2315 and 659.

## COUNT 1

### THEFT

6. Plaintiffs hereby incorporates the foregoing paragraphs of this Complaint and restates them as if they were fully written herein.

7. Plaintiffs alleges Defendants committed theft in the first degree by stealing and selling in excess of $75,000 in stolen property.

8. Plaintiffs alleges Defendants, Jessie and Robert Dennis sold timber and hard wood to Defendants, Westervelt, and Georgia Pacific Corporation and Defendant, TWH Timber Company cut and hauls the wood off the property without the knowledge and consent of the Plaintiffs.

9. Plaintiffs alleged Defendants, Westervelt, and Georgia Pacific and TWH Timber Company did not do a reasonable inquiry as to the ownership of the property prior to cutting and removing the timber from the property without the knowledge or consent of the Plaintiffs.

10. Plaintiffs alleges Defendants Robert and Jessie Dennis sold and kept all the proceeds from the sale of the wood without the knowledge and consent of Plaintiffs.

11. Plaintiffs have been irreparably harmed by the actions of Defendants.

## COUNT 2

### DESTRUCTION OF PROPERTY

12. Plaintiffs hereby incorporates the foregoing paragraphs of this Complaint and restates them as if they were fully written herein.

6

13. Plaintiffs alleged Defendants Robert and Jessie Dennis and TWH Timber company have cut and removed the timber from the property without the knowledge and consent of the Plaintiffs. The property cannot be restored, trees that took a lifetime to grow are gone. The Landscape of the property has been changed forever.

14. Plaintiffs alleged Defendant TWH Timber Company did not do a reasonable inquiry prior to bring their equipment on the property causing destruction by removing trees, which would take a life time to re-grow.

15. Plaintiffs have suffered irreparable harm from destruction of property by Defendants.

## COUNT 3

### CONSPIRACY

16. Plaintiffs hereby incorporates the foregoing paragraphs of this Complaint and restates them as if they were fully written herein.

17. Plaintiffs allege Defendants, Robert Dennis and Jessie Dennis have been conspiring together on stealing and selling the wood off the property without the knowledge or consent of the Plaintiffs.

18. Plaintiffs allege Defendants, Robert Dennis and Jessie Dennis have been conspiring to secretly take ownership of the property without the knowledge and consent of Plaintiffs through adverse possession.

19. Plaintiff allege Defendants, Robert Dennis and Jessie Dennis have with knowledge and forethought to mislead facts as to the ownership of the property in order to gain possession of the real and personal property.

Defendants, Robert Dennis and Jessie Dennis continued stealing and selling the wood off the property and use the property as rental property earning an income.

20. Plaintiffs have suffered irreparable harm as the result of defendant's actions.

## COUNT 4

### AIDING AND ABETTING

21. Plaintiffs hereby incorporates the foregoing paragraphs of this Complaint and restates them as if they were fully written herein.

22. Plaintiffs allege Defendants, TWH Timber Company, Westervelt Company, and Georgia Pacific aided and abetted Defendants Robert Dennis and Jessie Dennis by not doing a reasonable inquiry as to the ownership of the property before coming onto the property removing and/or accepting stolen property.

23. Plaintiffs allege Defendants, TWH Timber Company, Westervelt, and Georgia Pacific have been in this industry for many years and are very familiar with the conversion laws regarding timber in the state of Alabama. These Defendants should have done a reasonable inquiry and/or policies in place for accepting wood without first substantiating ownership of the property before going onto the property and accepting wood from Defendants, Robert Dennis and Jessie Dennis.

24. Plaintiffs have suffered irreparable harm as a result of Defendants actions of failure to do their due diligence.

## COUNT 5

## TRESPASSING

25. Plaintiffs hereby incorporates the foregoing paragraphs of this Complaint and restates them as if they were fully written herein.

26. Plaintiffs allege Defendants, Robert Dennis, Jessie Dennis and TWH Timber Company trespassed onto the Plaintiff's property when they took wood from the property, they knew they did not own, without the knowledge or consent from Plaintiffs.

29. Plaintiffs allege Defendant TWH Timber Company did not do a reasonable inquiry as to the ownership of the property prior to seizing property that was the ownership of Plaintiffs and without getting their permission prior to entering the property.

30. Plaintiffs have suffered irreparable harm as a result of Defendants actions.

## COUNT 6

## RECEIVING STOLEN PROPERTY

31. Plaintiffs hereby incorporates the foregoing paragraphs of this Complaint and restates them as if they were fully written herein.

32. Plaintiffs allege Defendants, TWH Timber, Westervelt, and Georgia Pacific accepted stolen property from Defendants Robert Dennis and Jesse Dennis. Those Defendants should have done a reasonable inquiry as to the ownership of the property they were purchasing.

33. Plaintiffs allege Defendants have been in this industry for many years and should be familiar and have procedures in place to deal with the theft of timber and hardwood being sold to them to insure the true owner(s) are being compensated.

34. Plaintiffs allege Defendants TWH Timber Company, Westervelt, and Georgia Pacific are very familiar with the conversions laws in Alabama regarding timber and hardwood that person(s) who accepts the possession of personal property from one not authorized to transfer it may be regarded as a converter. According to the Conversion Laws; The owner of a partial interest in property may be liable for converting the same, where he wrongfully takes it out of the possession of another, or does some other act amounting to a conversion. An owner of land may bring an action in conversion and therefore the Plaintiffs have a legal right to bring forth civil actions for damages against Defendants.

35. Plaintiffs allege Defendants did not go far enough to make sure the rightful owners were the one who were selling the wood.

36. Plaintiffs have suffered irreparable harm as a result of Defendants actions

### COUNT 7

**RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT**

37. Plaintiffs hereby incorporates the foregoing paragraphs of this Complaint and restates them as if they were fully written herein.

38. Plaintiffs allege Defendants have engaged in racketeering under the RICO (Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. 1962 and 1964) as a pattern of activity.

Defendants have specifically committed fraud, conspiracy, theft, aiding and abetting, trespassing and transfer of stolen property through interstate commerce. Defendants, Robert Dennis and Jessie Dennis intentionally participated in a scheme to defraud Plaintiffs out of their personal property as well as ownership interests.

39. Plaintiffs allege Defendants have continued the practices of engaging in criminal activity for many years in regards to Plaintiffs' property where several Defendants selling stolen property and the other Defendants are accepting stolen property without the Plaintiffs knowledge or consent. Defendants violated specifically of the Racketeering Act Title 18 U.S.C. Section 2314 and 2315.

40. Plaintiffs allege under the RICO Act Plaintiffs are entitled to triple damages.

41. Plaintiffs allege under the conversion law; is one who accepts the possession of personal property from one not authorized to transfer it may be regarded as a converter. Plaintiffs are entitled to triple damages under the conversion law.

42. Plaintiffs allege Defendants actions for conversion may be predicated upon an improper disposal, removal, transportation, delivery, or transfer of possession of property to one not authorized by the owner to receive the property.

43. Plaintiffs allege according to the conversion laws; Defendants, Robert Dennis and Jessie Dennis, knowlingly, as owners of a partial interest in property may be liable for converting the same, where they wrongfully takes it out of the possession of another, or does some other act amounting to a conversion. Plaintiffs alleged Defendants have violated laws under Title 18 U.S. C.

659; Whoever embezzles, steals, or unlawfully takes by any fraudulent device or scheme moving in interstate commerce by a vehicle , goods, or chattels, or whoever buys receives, or has in his possession any such money, baggage, goods, or chattels, knowing the same to have been embezzled or stolen.

44. Plaintiffs allege Defendants have committed a civil tort.

45. Plaintiffs have suffered irreparable harm as a result of Defendants actions of violating the RICO Act.

## COUNT 8

### UNJUST ENRICHMENT

46. Plaintiffs hereby incorporates the foregoing paragraphs of this Complaint and restates them as if they were fully written herein.

47. Plaintiffs allege Defendants have been enriched at the expense of Plaintiffs' property and Defendants have been unjustly enriched by their actions. Plaintiffs have not received any income, proceeds and value from the sale of Plaintiffs' property.

48. Plaintiffs have suffered irreparable harm as a result of Defendants actions.

Wherefore, Plaintiffs prey and respectfully request this honorable Court to order a judgment against Defendants, jointly and severally for damages sustained by Plaintiffs in the following relief:

a. Plaintiffs request this Court to issue a Preliminary Injunction against Defendants, their agents, employees, attorneys, and representatives acting in concert with Defendants from entering, occupying, removing, selling and disposing of property until the Court has order otherwise.

b. Plaintiffs request this Court to order Defendants make restitution in the amount of $450,000, the value of the wood and property damage, plus court costs and attorney fees.

c. The Court grant to the Plaintiffs other such further relief to which the Court may deem Plaintiffs are entitled to.

d. Plaintiffs are entitled to judgment in the amount of three times their actual damages, plus costs, and reasonable attorney fees' under 18 U.S.C 1964(c) of the RICO Act and according to the Conversion Laws.

Dated: November 30, 2011

Respectfully Submitted,

*Patricia A. Thomas*
Patricia A. Thomas,

*Mary K. Hargrove*
Mary K. Hargrove

*Tommy J. Miller*
Tommy J. Miller

*Shirley J. Miller*
Shirley J. Miller

Attorney for Plaintiffs
Pro Se
418 Torrington Drive West
Canton, Michigan 48188
(734) 844-3199